## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY LEWIS,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO.  15-1018** |
| | |
| **NOBLE DRILLING SERVICES, INC.,** | **SECTION: "E" (4)** |
| **ET AL.** | |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is Defendants' motion to dismiss Plaintiff's claims for nonpecuniary damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

### BACKGROUND

Plaintiff Kimberly Lewis ("Plaintiff") is the wife of Palmer Lewis ("Lewis"), a Jones Act seaman who worked for Defendants Noble Drilling Services, Inc., and Noble Services International, Ltd., (collectively "Defendants").[2] Plaintiff alleges that during a pre-employment medical examination on March 31, 2014, a medical examiner identified that Lewis had cardiac problems and recommended Defendants conduct further examinations.[3] Plaintiff alleges Lewis was not informed of any cardiac issues or the medical examiner's request for further examinations.[4]

Plaintiff alleges that on September 7, 2014, Lewis fell while descending stairs as he was working aboard the Homer Farrington, a mobile offshore drilling unit off the coast of

---

[1] R. Doc. 17.

[2] R. Doc. 12 at ¶¶ IV–V. *See also* R. Doc. 17-1 at 1. Because Plaintiff alleges "Lewis was employed by Noble Drilling Services, Inc. and/or Noble Services International, Ltd.," *Id.* at ¶ IV, the Court must interpret the allegation to be that Plaintiff is employed by both Noble entities for purposes of this ruling.

[3] *Id.* at ¶ VI.

[4] *Id.*

Malta.[5] Following this fall, Plaintiff contends, Defendants provided Lewis with "inadequate and/or improper" care, which failed to identify Lewis's heart condition, "a condition [Defendants] had knowledge of since March 2014."[6] Lewis died on September 14, 2014, allegedly "due to cardiogenic shock, aortic stenosis, and congestive heart failure."[7]

On April 1, 2015, Plaintiff filed this suit individually and on behalf of Lewis, asserting causes of action under the Jones Act and the general maritime law for negligence and vessel unseaworthiness.[8] Plaintiff seeks to recover pecuniary and nonpecuniary damages, including damages for her loss of love and affection, damages for her emotional suffering, damages for Lewis' pre-death pain and suffering, and punitive damages as the representative of Lewis for the vessel's alleged unseaworthiness.[9]

On December 2, 2015, Defendants filed a motion to dismiss Plaintiff's claims for nonpecuniary damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10] Plaintiff filed an opposition to the motion on January 19, 2016.[11] Defendants filed a reply in support of their motion on January 27, 2016.[12]

## STANDARD OF LAW

When deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[13] The Court may consider

---

[5] *Id.* at ¶¶ VI–VII.

[6] *Id.* at ¶ VIII.

[7] *Id.* at ¶ IX.

[8] R. Doc. 1. Plaintiff filed an amended complaint on October 30, 2015. *See* R. Doc. 12.

[9] R. Doc. 12 at 2, 5–6. Plaintiff also seeks punitive damages for Defendants' failure to pay cure pursuant to the general maritime law, *Id.* at ¶ XII, but this punitive damages claim is not addressed by Defendants' motion or this ruling. *See infra* n.50.

[10] R. Doc. 17.

[11] R. Doc. 20.

[12] R. Doc. 23.

[13] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935, 188 (2014).

only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record,[14] and documents attached to a motion to dismiss "when the documents are referred to in the pleadings and are central to a plaintiff's claims."[15] If the Court accepts materials outside of the pleadings that do not fit within these parameters, the Court must treat the Rule 12(b)(6) motion as a motion for summary judgment pursuant to Rule 56.[16]

For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face.[17] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[19] A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action."[20] The Court cannot grant a motion to dismiss under Rule 12(b)(6) "unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint."[21]

## ANALYSIS

In their motion to dismiss, Defendants first argue that Plaintiff's wrongful death claim is governed by the Death on the High Seas Act ("DOHSA"), and, because DOHSA

---

[14] *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[15] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

[16] FED. R. CIV. P. 12(d).

[17] *Brand*, 748 F.3d at 637–38.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[19] *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

[20] *Whitley*, 726 F.3d at 638 (citation omitted) (internal quotation marks omitted).

[21] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

limits recovery to pecuniary losses, Plaintiff cannot recover nonpecuniary damages.[22] Second, Defendants argue that, even if DOHSA does not apply, Plaintiff cannot recover nonpecuniary damages under the Jones Act and the general maritime law.[23]

A. Applicability of DOHSA

Defendants argue that Plaintiff's wrongful death claim arises under DOHSA.[24] DOHSA provides the *exclusive* remedy for survivors of an individual, including seamen, whose death is caused by a wrongful act, neglect, or default occurring on the high seas— that is, more than three nautical miles from the United States shore.[25] By its terms, DOHSA limits recoverable damages only to pecuniary losses.[26] "This explicit limitation forecloses recovery for non-pecuniary loss, such as loss of society, in a general maritime action" under DOHSA.[27] Defendants argue that, because DOHSA applies to Plaintiff's claim, Plaintiff cannot recover nonpecuniary damages.[28]

DOHSA applies both when the individual's death occurs on the high seas and when the wrongful act, neglect, or default, that precipitated the death occurs on the high seas.[29] Indeed, "courts will apply [DOHSA] if negligence begins on the high seas, although death or other damages occur much later on land."[30]

---

[22] R. Doc. 17-1 at 4–6.
[23] *Id.* at 7–9.
[24] R. Doc. 17-1 at 4–5.
[25] 46 U.S.C. § 30202. "Unlike the Jones Act which applies only to a seaman's employer, DOHSA applies to any party whose wrongful act, neglect, or default causes the decedent's death on the high seas." *In re Offshore Transp. Servs., L.L.C.*, 409 F. Supp. 2d 753, 755–56 (E.D. La. 2005) (Zainey, J.).
[26] 46 U.S.C. § 30303.
[27] *Miles v. Apex Marine Corp.*, 498 U.S. 19, 31 (1990).
[28] R. Doc. 17-1 at 4–6.
[29] *Motts v. M/V GREEN WAVE*, 210 F.3d 565, 569 (5th Cir. 2000) ("[A]s . . . several Fifth Circuit decisions have made clear, DOHSA also confers jurisdiction if the decedent is on the high seas at the time he suffers his mortal injury.").
[30] *Crear v. Omega Protein, Inc.*, No. 99-420, 2002 WL 1941447, at *5 (E.D. La. Aug. 21, 2002) (Fallon, J.).

4

The complaint does not specify where Lewis died,[31] but Plaintiff implies in her opposition memorandum that the death occurred in Alabama, and Defendants do not dispute this.[32] Rather, Defendants argue DOHSA applies because Plaintiff alleges the "wrongful act" that precipitated Lewis's death was the September 7, 2014, fall down the stairs aboard the Homer Farrington.[33]

Plaintiff alleges, however, that Lewis's fall on September 7 "was more likely than not caused by his heart condition of which Noble had prior knowledge."[34] Plaintiff alleges the sole cause of Lewis's death was Defendants' negligence, and the complaint enumerates several acts of negligence on part of Defendants, including the failure to provide a proper health examination to Lewis in March 2014, the failure to advise Lewis of his heart condition in March 2014 "when such information became available and known to Noble," and the failure to properly limit Lewis's job assignments from March through September of 2014.[35] Plaintiff does not allege that the March 2014 health examination took place at sea, nor does Plaintiff allege the Court has jurisdiction under DOHSA.[36] Plaintiff makes allegations of negligence but does not specify whether the negligence occurred at sea or on land. Instead, Defendants argue DOHSA applies because the September 7, 2014, accident occurred on the high seas.[37]

Considering only the allegations of the complaint, DOHSA does not apply and the motion to dismiss on this ground is denied.

---

[31] *See* R. Doc. 12 at ¶ IX.
[32] R. Doc. 20 at 3 ("Lewis was sent home to Alabama, and he subsequently died on September 14, 2014 as a result of heart complications all while on land."); R. Doc. 17 at 2 ("Days after returning home, Lewis died from various heart complications . . . .").
[33] R. Doc. 17-1 at 4–5.
[34] R. Doc. 12 at ¶ VII.
[35] *Id.* at ¶ X.
[36] *See id.* at ¶ VI.
[37] R. Doc. 17-1 at 2–3.

**B.** Availability of Nonpecuniary Damages under the Jones Act and the General Maritime Law

Considering the allegations of the complaint to be true, the Court must decide Plaintiff's right to recovery of nonpecuniary damages under the Jones Act and the general maritime law. The Jones Act precludes recovery against a seaman's employer for nonpecuniary losses,[38] and "a seaman's representative cannot circumvent the [Jones Act's] statutory limitation on non-pecuniary recovery by bringing a wrongful death claim under general maritime law."[39] Nonpecuniary damages are those that are "'incapable of being defined by any recognized measure of value,'" such as damages for loss of society or damages for grief or mental anguish.[40] In *McBride v. Estis Well Service, L.L.C.*, the Fifth Circuit, sitting en banc, held that, in a wrongful death case under the Jones Act and the general maritime law, a survivor's recovery is limited to pecuniary losses.[41] In *McBride*, the survivor of a deceased seaman and two injured seamen brought suit after an accident occurred on a rig owned by their employer.[42] As in this case, the plaintiffs in *McBride* sought compensatory and punitive damages against the seamen's employer for

---

[38] *Miles*, 498 U.S. at 32–33 ("The Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss. The general maritime claim here alleged that [the seaman] had been killed as a result of the unseaworthiness of the vessel. It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman. . . . Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law.").

[39] *Offshore Transp.*, 409 F. Supp. 2d at 756 (citing *Miles*, 498 U.S. at 32).

[40] *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 386 (5th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 2310 (2015) (quoting *Michigan Central R.R. Co. v. Vreeland*, 227 U.S. 59 (1913)). *See also Miles*, 498 U.S. at 33, 37 ("[T]here is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman. . . . We hold that there is a general maritime cause of action for the wrongful death of a seaman, but that damages recoverable in such an action do not include loss of society. We also hold that a general maritime survival action cannot include recovery for decedent's lost future earnings.").

[41] *McBride*, 768 F.3d at 384, 391.

[42] *Id.* at 384.

6

unseaworthiness under the general maritime law and for negligence under the Jones Act.[43] The Fifth Circuit in *McBride* relied on *Miles v. Apex Marine Corp.*, in which the Supreme Court held that "the Jones Act limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness."[44] In light of the Supreme Court's and the Fifth Circuit's precedents, it is clear a Jones Act seaman or his or her representative cannot recover nonpecuniary losses for wrongful death under the Jones Act or the general maritime law.[45]

In her amended complaint, Plaintiff, the survivor of a Jones Act seaman, seeks to recover damages under the Jones Act and the general maritime law for several nonpecuniary losses,[46] including Lewis's pre-death pain and suffering,[47] loss of love and affection,[48] and Plaintiff's emotional suffering.[49] Plaintiff also seeks punitive damages under the general maritime law for the alleged unseaworthiness of the vessel,[50] which "by

---

[43] *Id.*

[44] *Id.* at 383 (citing *Miles*, 498 U.S. at 19).

[45] *Id.* at 390–91.

[46] *See* R. Doc. 12 at ¶ XI.

[47] *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123 (1998) (classifying pre-death pain and suffering as a nonpecuniary loss).

[48] *Miles*, 498 U.S. at 37 ("We hold that there is a general maritime cause of action for the wrongful death of a seaman, but that damages recoverable in such an action do not include loss of society.").

[49] *Garrett v. Air Logistics, Inc.*, No. 95-2190, 1996 WL 492300, at *3 (E.D. La. Aug. 26, 1996) (Fallon, J.) (classifying "damages for loss of society, loss of consortium, loss of decedent's love and affection, and the survivor's mental anguish and grief" as nonpecuniary damages).

[50] R. Doc. 12 at ¶ XII. Plaintiff also seeks punitive damages for Defendants' failure to pay cure pursuant to the general maritime law. *Id.* Plaintiff devotes much of her opposition to her claim for punitive damages for failure to pay cure. R. Doc. 20 at 4–6. Defendants, however, do not seek dismissal of Plaintiff's claim for punitive damages for failure to pay cure in their motion to dismiss. *See* R. Doc. 17 at 1 n.1 ("While Noble denies such allegations, Plaintiff's claim regarding cure and punitive damages is not the subject of this Motion . . . ."). Accordingly, this order has no impact on Plaintiff's punitive damages claim for failure to pay cure. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009) (holding that punitive damages "for the willful and wanton disregard of the maintenance and cure obligation" are recoverable under the general maritime law").

definition are not pecuniary losses."[51] Accordingly, Plaintiff does not have a right to recover these or any other nonpecuniary damages.[52]

Plaintiff argues in her opposition that she has a right to recover punitive damages under the general maritime law for the alleged unseaworthiness of the vessel.[53] To support this contention, Plaintiff relies on *Collins v. A.B.C. Marine Towing, L.L.C.*, a case before another section of this Court.[54] The plaintiff in *Collins* was the widow of a Jones Act seaman who was killed after the vessel to which he was assigned allided with a lift bridge while the vessel was towing a crane barge through a canal. The plaintiff brought claims against the seaman's Jones Act employer, which owned the vessel to which the seaman was assigned, for negligence under the Jones Act and vessel unseaworthiness; claims against the crane barge owner for negligence under the general maritime law; and claims against the owner and operator of the lift bridge for general maritime law negligence.[55] The owner and operator of the bridge moved to dismiss the plaintiff's claims for punitive damages, arguing punitive damages are not recoverable as a matter of law under the Jones Act or the general maritime law.[56] The court noted that the Jones Act did not apply to the plaintiff's claim against the bridge owner, as it was not the seaman's Jones Act employer, and the plaintiff was "asserting a non-seaman general maritime law claim for punitive damages" against the bridge owner.[57] The court denied the bridge owner's motion to dismiss and concluded that punitive damages are available under the general

---

[51] *McBride*, 768 F.3d at 391.
[52] Plaintiff does not address her claims for nonpecuniary losses in her opposition to Defendants' motion to dismiss. *See generally* R. Doc. 20.
[53] R. Doc. 20 at 6.
[54] *Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015) (Fallon, J.).
[55] *Id.* at *1.
[56] *Id.* at *2.
[57] *Id.* at *5.

maritime law against a non-employer third party.[58] Relying on *Collins*, Plaintiff argues she may maintain her punitive damages claim for unseaworthiness "since Lewis' employer and the owner of the HOMER FERRINGTON are two separate entities."[59]

Plaintiff names only two defendants in her complaint: Noble Drilling Services, Inc. and Noble Services International, Ltd.[60] Plaintiff alleges that, "[a]t all pertinent times herein, Palmer Lewis was employed by Noble Drilling Services, Inc. *and/or* Noble Services International, Ltd."[61] Plaintiff further alleges that "Noble Drilling Services, Inc. and Noble Services International, Ltd. were operating as a joint venture and/or single business enterprise, such that each one's rights, responsibilities, and duties could be imputed to the other. For ease of reference, plaintiff sometimes refers to this joint venture and/or single business enterprise as 'Noble' in this Complaint."[62] Thus, based on the allegations of the complaint, Plaintiff names only Lewis's Jones Act employer, the Noble entities, as defendants; Plaintiff does not identify the owner of the Homer Ferrington.

In *Collins*, the court declined to follow the Fifth Circuit's decision in *Scarborough v. Clemco Industries*, which held, in line with *Miles* and *McBride*, that a Jones Act seaman cannot recover nonpecuniary damages against either his employer or a non-employer.[63] The *Collins* court noted that, since the *Scarborough* decision in 2004, the Supreme Court has held—in *Atlantic Sounding Co. v. Townsend*—that a seaman may recover punitive damages for an employer's arbitrary withholding of maintenance and cure under the

---

[58] *Id.* at *5–6.
[59] R. Doc. 20 at 6.
[60] R. Doc. 12 at ¶¶ I–II.
[61] *Id.* at ¶ IV (emphasis added).
[62] *Id.* at ¶ V.
[63] *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004) ("[T]he court finds that neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties.").

general maritime law.[64] Thus, the *Collins* court concluded that the Supreme Court effectively "call[ed] into question the legal reasoning and conclusions espoused in *Scarborough*" and that, consequently, *Scarborough* had been implicitly overruled.[65] As a result, the *Collins* court found, a Jones Act seaman may recover punitive damages against a non-employer third party where the Jones Act is not implicated.[66]

As even *Collins* recognizes, however, the *Townsend* decision is specific to the maintenance-and-cure context and does not address whether punitive damages are available for claims of unseaworthiness under the general maritime law.[67] In fact, the *Townsend* Court took pains to distinguish maintenance and cure, for which it concluded punitive damages are available, from a seaman's remedies for negligence and unseaworthiness, for which punitive damages are generally not available under *Miles*, *Scarborough*, and *McBride*.[68] As other courts in this district have recognized, although *Townsend* may give hope to seamen wishing to obtain punitive damages for unseaworthiness claims against their employers and non-employers under the general maritime law, "this Court cannot assume the Fifth Circuit has changed its position on personal injury claims falling outside the scope of *Townsend*."[69] Further, the Court notes that the Fifth Circuit's decision in *Scarborough*, which held that a Jones Act seaman, or

---

[64] *See Townsend*, 557 U.S. at 424–25; *see also Collins*, 2015 WL 5254710, at *3–4.

[65] *Collins*, 2015 WL 5254710, at *5.

[66] *Id.* at *5–6.

[67] *Id.* at *3. *See also Townsend*, 557 U.S. at 419–21.

[68] *Townsend*, 557 U.S. at 407. Moreover, *Townsend* does not reach the issue of whether punitive damages are available against a non-employer third party.

[69] *Bloodsaw v. Diamond Offshore Mgmt. Co.*, No. 10-4163, 2013 WL 5339207, at *1 (E.D. La. Aug. 19, 2013) (Vance, J.). *See also In re International Marine*, No. 12-358, 2013 WL 3293677, at *9 (E.D. La. June 28, 2013) (Lemmon, J.); *O'Quain v. Shell Offshore, Inc.*, No. 12-01693, 2013 WL 149467, at *4 (E.D. La. Jan. 14, 2013) (Berrigan, J.); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2011 WL 4575696, at *11 (E.D. La. Sept. 30, 2011) (Barbier, J.); *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 WL 9139586, at *2–3 (E.D. La. Aug. 12, 2009) (Wilkinson, M.J.).

his survivors, may not recover nonpecuniary damages against either his employer or a non-employer, is binding on this Court and has never been overruled. As a result, the Court finds that Plaintiff's punitive damages claim for unseaworthiness is not a plausible claim for relief in light of binding Fifth Circuit precedent.[70]

### CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's claims for nonpecuniary damages,[71] including Plaintiff's punitive damages claim for unseaworthiness, is **GRANTED**.[72]

**New Orleans, Louisiana, this 19th day of July, 2016.**

_(signature: Susie Morgan)_

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[70] This Court addressed a similar argument in *Howard v. Offshore Liftboats, LLC*, No. 13-4811, 2015 WL 7428581 (E.D. La. Nov. 20, 2015).

[71] As explained *supra*, this order does not impact Plaintiff's claim for punitive damages for failure to pay cure. *See supra* n.50.

[72] Plaintiff further requests the Court allow for limited factual discovery "to discern the basis of the well plead [sic] allegations included in the Complaint and First Amended Complaint in connection with Plaintiff's claims." R. Doc. 20 at 6. As previously explained, when deciding a motion to dismiss, the Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record, and documents attached to a motion to dismiss when the documents are referred to in the pleadings and are central to a plaintiff's claims. Accordingly, discovery would not aid the Court's analysis. Because Plaintiff cannot recover nonpecuniary damages as a matter of law, Plaintiff's request is denied.