# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KIMBERLY LEWIS,**  **CIVIL ACTION**
   **Plaintiff**

**VERSUS**  **No. 15-1018**

**NOBLE DRILLING SERVICES,**
**INC. AND NOBLE SERVICES**  **SECTION "E" (4)**
**INTERNATIONAL, LTD.**
   **Defendants**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration[1] and Defendants' Cross Motion for Reconsideration.[2] The Court has reviewed the briefs,[3] the record, and the applicable law, and now issues this order and reasons.

On July 19, 2016, the Court granted Defendants' motion to dismiss Plaintiff's claims for nonpecuniary damages[4] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] After finding that the Death on the High Seas Act ("DOHSA") does not apply, the Court held that nonpecuniary damages, including damages for the pre-death pain and suffering of Palmer Lewis, are not recoverable under the Jones Act and the general maritime law.

In the Plaintiff's motion, she asks the Court to reconsider its ruling that nonpecuniary damages for Mr. Lewis' pre-death pain and suffering are not recoverable under the Jones Act. In the Defendants' cross motion, they ask the Court to reconsider its ruling that DOHSA does not apply to this claim.

---

[1] R. Doc. 28.
[2] R. Doc. 33.
[3] R. Docs. 28-1 and 33-1.
[4] R. doc. 17.
[5] R. Doc. 27.

1

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[6] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[7] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[8] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[9]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[10]

In support of their motion for reconsideration, the Defendants rely on arguments

---

[6] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations omitted) (internal quotation marks omitted).
[7] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[8] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[9] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[10] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

made by the Plaintiff in her memorandum in support of her motion for reconsideration, which they say contains a new interpretation of the allegations in the Complaint.[11] When deciding the motion to dismiss, the Court correctly considered only the allegations of the complaint and found that DOHSA did not apply.[12] The Court cannot consider the arguments of counsel for Plaintiff in deciding a motion to dismiss. The Defendants have not established any of the circumstances under which reconsider is warranted and their motion for reconsideration is denied.

The Plaintiff argues that reconsideration of the Court's order is necessary to correct a manifest error of law and to prevent manifest injustice because pre-death pain and suffering are recoverable under the Jones Act.[13] The Court agrees with the Plaintiff to the extent that she argues pre-death pain and suffering are recoverable under the Jones Act in the Fifth Circuit.[14] Plaintiff's motion for reconsideration is granted and Defendants' motion to dismiss[15] is denied insofar as it sought dismissal of Plaintiff's claim for the pre-death pain and suffering of Mr. Lewis.

Accordingly, the Plaintiff's motion for reconsideration is **GRANTED** and the Defendants' cross-motion for reconsideration is **DENIED**.

**New Orleans, Louisiana, this 20th day of September, 2016.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 33-1 at 2.
[12] R. Doc. 27 at 5.
[13] R. Doc. 28-1 at 2.
[14] *De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138,141 (5th Cir. 1986).
[15] R. Doc. 17.

3